```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **ANTHONY JOHNSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. DISTRICT JUDGE ROBERT B. KUGLER, et al.** | : | **NO. 12-2031** |

<u>**MEMORANDUM**</u>

**YOHN, J.**                                                **APRIL   , 2012**

Plaintiff Anthony Johnson brought this <u>pro se</u> civil rights action against federal District Judge Robert B. Kugler, Lee Karl, Daren B. Waite, the City of Philadelphia, and the "Third Circuit Court Eastern Dist." In addition to his complaint and his motion to proceed <u>in forma pauperis</u>, plaintiff filed a "Motion Challenging United States District Judge William H. Yohn, Jurisdiction."[1] For the following reasons, that motion is denied.

As discussed in more detail in this Court's Memorandum dismissing the complaint, plaintiff asserts due process and conspiracy claims based on Judge Kugler's adverse rulings in two civil actions that plaintiff filed in the Eastern District of Pennsylvania, Civ. A. Nos. 07-3110 & 10-2800. Plaintiff appears to be seeking relief pursuant to 42 U.S.C. §§ 1983 and 1985, and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Accordingly, the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and

---

[1] The motion is dated October 4, 2007, and was prepared for another civil action filed by plaintiff, Civ. A. No. 07-3110. However, as plaintiff appears to have submitted it in connection with this action, the Court will address the motion.

1

1343.

To the extent that plaintiff's motion can be construed as a motion for recusal pursuant to 28 U.S.C. § 455, it is denied. The motion suggests that the Court lacks jurisdiction based on the way that the Court handled prior lawsuits that plaintiff filed in this District, and because the Court is a "co-conspirator" with the named defendants.  Neither of those are proper bases for recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994)("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); United States v. Matorano, 866 F.2d 62, 68 (3d Cir. 1989) ("Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations.").  An appropriate order denying the motion follows.