```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ANTHONY JOHNSON                 :      CIVIL ACTION
                                :
      v.                        :
                                :
U.S. DISTRICT JUDGE ROBERT B.   :      NO. 12-2031
KUGLER, et al.                  :

MEMORANDUM

YOHN, J.                                              APRIL 30, 2012

     Plaintiff Anthony Johnson brought this pro se civil rights action against federal District Judge Robert B. Kugler, Lee Karl, Daren B. Waite, the City of Philadelphia, and the "Third Circuit Court Eastern Dist." He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice to plaintiff's filing an amended complaint.

I.   FACTS[1]

     Plaintiff's claims arise out of two civil lawsuits that he filed in the Eastern District of Pennsylvania. In Johnson v. City of Philadelphia, Civ. A. No. 07-3110, plaintiff sued numerous defendants, including several federal and state judges, the Eastern District of Pennsylvania, the City of Philadelphia, and the Philadelphia District Attorney. He asserted that his constitutional rights were violated by his conviction for rape

---

[1]The following facts are taken from the complaint and from publicly available dockets for civil cases that plaintiff filed in the Eastern District of Pennsylvania.

1

and an alleged conspiracy to deny him post-conviction and habeas relief in the state and federal courts.  Judge Kugler of the District of New Jersey was assigned to preside over the case.  Karl of the United States Attorney's Office represented the federal judges and courts whom plaintiff sued, while Waite of the Philadelphia District Attorney's Office represented the District Attorney and an Assistant District Attorney whom plaintiff sued.

On September 10, 2010, Judge Kugler issued a Memorandum and Order dismissing plaintiff's complaint.  Plaintiff did not appeal.[2]  Before 07-3110 was dismissed, plaintiff filed another lawsuit, Johnson v. City of Philadelphia, Civ. A. No. 10-2800, in which he alleged that his constitutional rights were violated in connection with criminal proceedings initiated against him in the wake of a domestic dispute that he had with his ex-girlfriend.  Judge Kugler, who was assigned to the case, denied plaintiff's motion to proceed in forma pauperis without prejudice.  Plaintiff did not file an amended motion to proceed in forma pauperis nor did he appeal.

In this lawsuit, plaintiff claims that the defendants conspired to "sabotage" 07-3110 by dismissing it through "a fraudulent order and memorandum." (Compl. ¶ 4.)  Plaintiff also claims that Judge Kugler improperly denied the motion to proceed

---

[2]Instead, in December 2010, he filed a new lawsuit that essentially duplicated the dismissed lawsuit, but added Judge Kugler as a defendant.  Johnson v. Kugler, Civ. A. No. 10-7454.  That case was assigned to Judge Wigenton of the District of New Jersey and remains pending.

in forma pauperis in 10-2800 because he lacked jurisdiction.[3] Based on those allegations, plaintiff appears to be asserting due process and conspiracy claims pursuant to 42 U.S.C. §§ 1983 and 1985, and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  He seeks "reinstatement" of 10-2800 and an order granting him leave to proceed in forma pauperis so that the case may proceed; the removal of Judge Kugler from the bench; and an evidentiary hearing to designate a judge to preside over his civil rights claims.

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to

---

[3] The apparent basis for the alleged lack of jurisdiction is plaintiff's belief that Judge Kugler was a defendant in 10-2800. In that regard, he appears to be confusing 10-2800, which did not name Judge Kugler as a defendant, and 10-7454, the action that plaintiff filed to resurrect the claims he raised in 07-3110 with the addition of Judge Kugler as a defendant. See supra n.2. Regardless, while the fact that a judge is named as a defendant would be a valid basis for his recusal, see 28 U.S.C. § 455(b)(5)(i), it would not deprive the court of jurisdiction over federal claims that are properly before it. See 28 U.S.C. §§ 1331 & 1343.

dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). To state a claim, a complaint must do more than recite "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, the Court may consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

**III. DISCUSSION**

To state a due process claim, plaintiff must establish that he was deprived of a protectable interest by government action, and that the deprivation was without due process. See Cospito v. Heckler, 742 F.2d 72, 80 (3d Cir. 1984); see also Burns v. Pa. Dep't of Corr., 544 F.3d 279, 284 (3d Cir. 2008) ("[A] procedural due process violation is complete at the moment an individual is deprived of a liberty or property interest without being afforded the requisite process."). To prevail on his conspiracy claim under § 1983 or Bivens, plaintiff must establish that persons acting under the color of law entered into an agreement to deprive him of a constitutional right. See Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993), overruled on other grounds by, United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003); Wilson v. Rackmill,

878 F.2d 772, 775 (3d Cir. 1989).  "[A] plaintiff must assert facts from which a conspiratorial agreement can be inferred" and may not base his claim solely on conclusory allegations.  <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 178 (3d Cir. 2010).

Stripped of its bare allegations of "conspiracy" and "sabotage," the complaint fails to assert any facts that would support a due process or a conspiracy claim.  The sole factual basis for plaintiff's claims is the dismissal of 07-3110 and the denial of his motion to proceed <u>in forma pauperis</u> in 10-2800.  Nothing about those facts suggests a basis for a due process or conspiracy claim.[4]  <u>See</u> <u>Miller v. City of Phila.</u>, 174 F.3d 368, 373 (3d Cir. 1999) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (quotations omitted); <u>see also</u> <u>Dennis v. Sparks</u>, 449 U.S. 24, 28 (1980) ("[M]erely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").  Furthermore, to the extent plaintiff's conspiracy claim is based on § 1985, it fails because nothing in the complaint suggests that the alleged conspiracy was

---

[4] Additionally, as Judge Kugler is sued for acts taken in his judicial capacity, and as the complaint provides no factual basis for concluding that the Judge acted in "clear absence of all jurisdiction," <u>see</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978) (quotations omitted); <u>supra</u> n. 3, he is absolutely immune from liability under <u>Bivens</u>.  <u>See</u> <u>Bolin v. Story</u>, 225 F.3d 1234, 1240-42 (11th Cir. 2000) (holding that absolute judicial immunity applies to claims for injunctive relief under <u>Bivens</u>).  But even if Judge Kugler were subject to liability, this Court has no authority to remove him from the bench per plaintiff's request.

motivated by racial or class-based discriminatory animus.  See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Accordingly, plaintiff will be given the opportunity to file an amended complaint in the event he can state a claim.

**IV.  CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed without prejudice to his filing an amended complaint.  An appropriate order follows.