IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY JOHNSON | : CIVIL ACTION |
| v. | : |
| U.S. DISTRICT JUDGE ROBERT B. KUGLER, et al. | : NO. 12-2031 |

MEMORANDUM

YOHN, J.                                                MAY 23, 2012

Currently before the Court is plaintiff Anthony Johnson's amended complaint.[1] For the following reasons, the Court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with prejudice.

I.  FACTS

Plaintiff filed this pro se civil rights action against federal District Judge Robert B. Kugler, Lee Karl, Daren B. Waite, the City of Philadelphia, and the "Third Circuit Court Eastern Dist." He asserted due process and conspiracy claims pursuant to 42 U.S.C. §§ 1983 and 1985, and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In an April 30, 2012 Memorandum and Order, the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice to his filing an amended complaint.[2] The basis for that dismissal was the Court's

---

[1] The amended complaint was docketed as a second amended complaint. (Document No. 8.) However, the Court will refer to it as plaintiff's amended complaint.

[2] The Court also denied plaintiff's "Motion Challenging United States District Judge William H. Yohn, Jurisdiction"

1

conclusion that plaintiff failed to sufficiently allege facts that would support a due process or conspiracy claim.

Plaintiff thereafter filed an amended complaint, which appears to be an attempt to resurrect his initial complaint with the addition of a paragraph expressing his displeasure and disagreement with the fact that the Court dismissed his claims. Additionally, Plaintiff attached a memorandum of law and exhibits to his amended complaint. No where in his filing does plaintiff attempt to cure the deficiencies in his initial complaint.

## II.  STANDARD OF REVIEW

As noted in this Court's April 30th Memorandum, 28 U.S.C. § 1915(e)(2)(B) applies here because plaintiff is proceeding in forma pauperis. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

---

because (1) jurisdiction exists over this action pursuant to 28 U.S.C. §§ 1331 & 1343; and (2) to the extent the motion could be construed as a recusal motion, plaintiff did not state a legitimate basis for recusal.

2

### III. DISCUSSION

As plaintiff's amended complaint wholly relies on his initial complaint for a statement of his claims, his amended complaint is dismissed for the reasons stated in the Court's April 30, 2012 Memorandum. Furthermore, the Court did not err in dismissing plaintiff's initial complaint because, contrary to plaintiff's contentions, the Court need not credit his conclusory allegations of conspiracy and sabotage in determining whether he has stated a claim. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010)(in assessing whether a plaintiff stated a conspiracy claim the Court "[did] not consider any conclusory allegations that there was 'a corrupt conspiracy,' 'an agreement,' or 'an understanding in place between the Defendants and the Philadelphia judicial system.'").

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Amendment would be futile in this case because plaintiff's amended complaint reflects that he would rather stand on his initial complaint than make an effort to amend.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's amended complaint is dismissed with prejudice. An appropriate order follows.